## Anson B. Jenks *et al.*

*v.*

## The City of Chicago.

1. Special assessments — *collector's notice, time of its publication.* Where the record of the proceedings for a judgment upon a special assessment warrant shows that the notice given by the collector, upon receipt of the warrant, was published ten days consecutively, that will be sufficient, it not appearing that the paper, in which the notice was published, was published on Sunday.

2. In the absence of proof, it will not be presumed the corporation newspaper, in which such notices are published, was a Sunday paper, but rather, that the ten consecutive days mentioned in the printer's certificate of publication were secular days.

3. And where the collector's report shows the notice was published ten days, it will be taken to mean secular days, and his affidavit appended to his report is *prima facie* evidence of the fact.

4. Same — *conclusiveness of the action of the commissioners in assessing special benefits.* Where it appears that an assessment in the city of Chicago, for a proposed improvement, was upon property specially benefited, in the judgment of the commissioners making the assessment, their judgment can not be impeached, except for fraud.

5. So it is not competent, in a proceeding for a judgment upon a special assessment warrant, to prove that the assessment was levied upon the front foot, and not according to the special benefits to each lot; such an objection should be taken before the common council.

6. Same—*when and where objections should be taken.* Objections to the fairness of a special assessment, or to the basis on which it is made, should be made at the proper time, before the common council, and if not allowed there, the proceedings may be enjoined, if there has been fraud in the assessment, or made on a wrong basis.

Appeal from the Superior Court of Chicago; the Hon. Joseph E. Gary, Chief Justice, presiding.

The opinion states the case.

Messrs. Hervey, Anthony & Galt, for the appellants.

Mr. S. A. IRVIN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment rendered by the Superior Court of the city of Chicago, against certain lots of appellants, upon a special assessment levied for curbing, filling, grading and paving with wooden block pavement, south Halstead street, from the south line of Harrison street to the crossing of the Chicago, Burlington and Quincy railroad.

At the trial, appellants made several objections to the entry of a judgment, all of which were overruled by the court, and a judgment was rendered as claimed.

To reverse that judgment an appeal is taken to this court, and several errors assigned, which appellants have not set out in their abstract.

By examining the record, it would appear, the following were the errors complained of: In excluding the testimony offered in support of the objections filed ; in not permitting the witness called, to show how, and in what manner, the assessment was levied ; that the assessment was illegally levied, and, therefore, the court erred in rendering judgment against the lots in question.

The points made in appellants' brief are not based upon the assignment of errors, unless the third point may be considered as founded on the third error assigned.

The first point is an objection to the notice of the application for judgment. The proof shows it has no foundation, as the notice was published six consecutive days, excluding Sunday, and, therefore, in compliance with the ordinance.

The second point made is, that the notice given by the collector, upon receipt of the warrant for collecting the assessment, was not published the length of time required by law.

The record shows this notice was published ten days consecutively, commencing with the 2d of October. Were it shown

the paper, in which this notice was published, was published on Sunday, then, in view of the case of *Scammon* v. *The City of Chicago*, 40 Ill. 147, as two Sundays intervened, the notice would be insufficient; but there is no proof the corporation newspaper was a Sunday paper, and we can not presume it, but would rather presume the ten consecutive days mentioned in the printer's certificate were secular days.

Besides, the collector's report, verified by his oath, shows the notice was published ten days, which will be taken to mean secular days, and his affidavit is *prima facie* evidence of the fact.

The remaining point made by appellants is, that the assessment was levied upon the front foot, and not according to the special benefits to each lot, and they should have been allowed to show this fact to the court, citing *City of Chicago* v. *Larned*, 34 Ill. 282, and *City of Ottawa* v. *Spencer*, 40 ib. 211.

The record shows that the assessment was upon property specially benefited, in the judgment of the commissioners, and their judgment could not be impeached, except for fraud. This point is fully disposed of by the case of *Wright* v. *Chicago*, and *Eva Lawrence* v. *same*, *ante* pp. 285, 292. These cases also dispose of the objection to the exclusion of Bailey's testimony.

Objections of the character here presented should be made at the proper time, before the common council. If they disallow them, he might enjoin the proceedings, if there had been fraud in the assessment, or made on a wrong basis. It is not fair, or just, that a party should lie by until the improvement is made, and then, by his objections, impose the whole burden of the improvement upon the city or upon other property holders, the full benefit of which he enjoys.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*